IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| TANYA NELSON ) | |
| ) | |
| ) | Case No. 20-CV-3541-PWG |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | Judge Paul W. Grimm |
| EMERGENT PRODUCT ) | |
| DEVELOPMENT GAITHERSBURG, ) | |
| INC. Et AL. ) | |
| ) | |
| *Defendant*. ) | |

### RESPONSE TO MOTION FOR DISMISSAL

COMES NOW, Tanya Nelson, Pro Se, Plaintiff, and moves this Honorable Court to deny the motions for dismissal presented by the Defendants. As certified in Section 6 of the Complaint of Employment Discrimination (Complaint), all factual contentions described in the Complaint have evidentiary support in my possession or can be provided with reasonable opportunity for further investigation or discovery. Section 3E of the Complaint provides individual facts that correlate to the boxes checked in Section 3A please see table below.

| Box Checked in Section 3A | Fact Stated in Section 3E |
|---|---|
| Failure to hire | Rejected from more than 10 internal job transfers. |
| Termination of my employment | Nelson's employment was terminated. |
| Failure to promote | Rejected from more than 10 internal job transfers. |
| Failure to accommodate my disability | Prior to the meeting where Nelson was fired…Nelson's doctor submitted a request to HR revise Nelson's accommodation… |
| Unequal terms and conditions of my employment | Rejected from more than 10 internal job transfers. Nelson's employment was terminated. |
| Retaliation | Nelson followed company procedure to report discrimination/retaliation |

With the reasonable opportunity for further investigation and the addition of evidentiary support from discovery, it will become clear that the Defendants acted in a manner that constituted discrimination in employment that violated Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), the Equal Pay Act (EPA), and the Fair Labor Standards Act (FLSA); and their actions were conducted in an of ongoing manner that created a work environment where discriminatory harassment was both severe and pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

1

In response to grounds presented in the Defendants Motion to dismiss the Plaintiff's Complaint I humbly request consideration of the following:

1. I, the Plaintiff, exhausted my administrative remedies by completing the Charge of Discrimination with the EEOC, participating in the subsequent EEOC investigation, and providing supplemental documentation to the EEOC that describe incidents of discriminatory conduct identified in Section 3A of the Complaint.
    - The EEOC Charge document was signed under penalty of perjury on May 25, 2020 so all statements contained were based on facts and evidence I had in my possession at the time of filing the charge. As part of the subsequent EEOC investigation of the charge, supporting documents were identified and submitted to the EEOC that support the basis for jurisdiction for all items selected in section 2 of the Complaint. Although the box for disability was not checked when the charge form was initially completed; the facts, as they were known at the time, of the disability charge were described in the EEOC charge document. After an investigation and review of documents to support the charge, the EEOC ultimately determined there was reasonable cause to believe discrimination had occurred issued a Notice of Right to Sue.
2. There is a time exception in Title VII and ADA for claims in the event of ongoing harassment, in which case the Charge must be filed within the 300 days of the last incident. Section 3B the Complaint states that the discriminatory conduct occurred between August 2012 and August 2019, which is the timeline from the initial offer of employment to my termination. With the opportunity for further investigation and discovery, I can support the facts described in section 3E of the Complaint in a manner that will show the Defendants made individual actions of employment discrimination as identified in Section 3A the Complaint and during the EEOC investigation. The ongoing actions of employment discrimination equate to unwelcome conduct committed by the Defendants and therefore meet the requirements of ongoing harassment such that all incidents of employment discrimination can be considered in the Complaint.
3. As certified in Section 6 of the Complaint, with reasonable opportunity for investigation and discovery, evidentiary support will be provided in support of the facts of the Complaint. As such, Section 5 of the Complaint identifies the entitlement of damages allowed for discriminatory conduct stated in Sections 3A and 3E of the Complaint as they relate to violations of Title VII, ADA, EPA and FLSA. Since the action of employment discrimination based on sex are covered by Title VII, EPA and FLSA; and since investigation and discovery are required to calculate difference in pay; actual amounts for damages could not be included in the Complaint.
4. Both of individual named Defendants, Robert Kramer, President and CEO of Emergent BioSolutions and Katy Strei, Executive Vice President of Human Resources and Chief Human Resources Officer, meet the FLSA definition of employers by the nature of their job titles, associated duties, and their job descriptions, which will be requested during discovery.

- As described in Section 3E the Complaint I followed company procedure for reporting discrimination and retaliation to the Senior Vice President Abigail Jenkins. With the opportunity for investigation and discovery, there will be evidentiary support of the discrimination and retaliation I discussed with Abigail in the form of a follow-up email describing what was discussed during our meeting. The email conversation(s) later looped in a member of the HR department, to schedule a follow-up meeting of what was discussed between Abigail and myself. The follow-up meeting was scheduled by Michelle Pepin for August 1st. At the start of the meeting my manager Rebecca Karim informed me that I was being terminated from Emergent. Before concluding the meeting, I asked Michelle to provide the information regarding the purpose of the meeting as described in the email exchange, Michelle responded that I was "told not to bring that up again" referring to a December 2018 meeting that included myself and Katy Strei.
- I followed company procedures for reporting discrimination and retaliation which resulted in my termination. Section 3E of the Complaint includes all Defendants, Emergent BioSolutions, Robert Kramer and Katy Strei. To the extent that Robert Kramer and Katy Strei can be considered employers by the nature of their job titles, associated duties, and job descriptions, they are responsible for the violations to company policies, procedures, and practices that allow for employment discrimination.

Respectfully Submitted,

*Tanya Nelson*

Tanya Nelson
(301)602-1109
stevens.tanya@gmail.com