**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TANYA NELSON,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-20-3541 |
| **EMERGENT BIOSOLUTIONS INC.,** *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Tanya Nelson, proceeding *pro se*, filed suit against her former employer Emergent BioSolutions, Inc. ("Emergent"), and two of its executive officers, Robert G. Kramer and Katy Strei. ECF 1. Nelson alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Equal Pay Act ("EPA"), and the Fair Labor Standards Act ("FLSA"). She claimed defendants failed to hire and promote her, subjected her to unequal employment terms and conditions, terminated her, and retaliated against her based on her race, color, sex, and disability. She also claimed they failed to accommodate her disability. Defendants moved to dismiss the complaint for failure to exhaust administrative remedies and for failure to state a claim for relief. ECF 23 & 23-1. The motion has been fully briefed. ECF 25 & 26. After completion of the briefing on the motion to dismiss, Nelson filed a motion for leave to amend her complaint. ECF 30. Defendants opposed that motion, ECF 33, and the time for Nelson to file a reply has passed, Loc. R. 105.2(a) (D. Md. 2021). A hearing is not necessary. Loc. R. 105.6. For the following reasons, Nelson's motion for leave to amend her complaint is granted, defendants' motion to dismiss is granted, Nelson's federal law claims are dismissed with prejudice, and her state and local law claims are dismissed without prejudice.

**I.    Background**

In resolving the motion to dismiss, the Court accepts all well-pleaded allegations as true. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citing *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)).  Plaintiff Tanya Nelson identifies as an African-American, Black female.  ECF 31, at 5.[1]  She lives with, or is perceived to live with, anxiety, major depressive disorder, and post-traumatic stress disorder.  *Id.*  On May 26, 2020, Nelson filed a charge with the Equal Employment Opportunity Commission ("EEOC").  *Id.* at 6.  In her charge, she checked race, color, sex, and retaliation as bases on which she thought she was discriminated against.  ECF 23-2, at 2.  She wrote that the most recent discriminatory action took place on August 1, 2019.  *Id.*  She also wrote that she "informed her manager" in July 2019 that she would need to change her accommodation "from 1 day telework to 1 day off per week," that the manager "requested documentation," but that she was fired during a meeting "to follow-up on report of retaliation" before she was able to provide the requested documentation.  *Id.*  The EEOC issued a Notice of Right to Sue on September 8, 2020.  ECF 31, at 6.

Nelson filed a complaint in this Court on December 4, 2020.  ECF 1.  In her complaint, she alleged defendants discriminatorily failed to hire her, terminated her employment, failed to promote her, failed to accommodate her disability, subjected her to unequal terms and conditions of employment, and retaliated against her.  *Id.* at 5.  She alleged defendants committed "acts of discrimination and retaliation based on [her] race, color, gender, sex, and disability" and that the acts were "interrelated and continuously shaped by one another."  *Id.* at 6.  These acts occurred between August 2012 and August 2019.  *Id.*  She further alleged she "was paid less than white

---

[1] Because it grants Nelson's motion for leave to amend the complaint, the Court cites the factual allegations contained in the amended complaint.

counterparts, both male and female," while she worked at Emergent and was denied "more than 10 internal job transfers." *Id.* She claimed that she "followed company procedure to report discrimination/retaliation to SVP Abigail Jenkins." *Id*. She alleged her "employment was terminated at the follow-up meeting." *Id.* She also alleged that, "prior to the meeting where [she] was fired," she "informed her manager, Rebecca Karim, and [her] phys[i]cian submitted a request to [human resources ("HR") to] revise [her] disability accom[mo]dation to a four-day work week." *Id.* She sought economic damages, including backpay and benefits; liquidated damages "not limited to treble damages" for pay discrimination; reasonable attorneys' fees and costs; and any other relief "this Court may deem just and equitable to effectuate." *Id.* at 7.

On April 9, 2021, defendants filed a letter with the Court identifying deficiencies in Nelson's complaint and seeking leave to file a motion to dismiss. ECF 10. They argued that she failed to exhaust her administrative remedies for her Title VII and ADA discrimination claims, that her Title VII and ADA claims based on alleged discriminatory conduct pre-dating July 31, 2019, are time-barred, that she failed to sufficiently allege race or disability discrimination, and that she cannot state a Title VII or ADA claim against the individual defendants. They also argued she failed to allege sufficient facts to state claims under the EPA and FLSA. *Id.* The Court directed Nelson to file an amended complaint by June 14, 2021, before defendants filed their proposed motion to dismiss. ECF 15. Instead, Nelson filed a motion for leave to file an amended complaint, which the Court found moot because she already had leave to file an amended complaint. ECF 17. The Court again directed Nelson to file an amended complaint by June 14, but she did not do so. *Id.*

On July 23, 2021, defendants moved to dismiss the complaint under Rules 12(b)(1) and 12 (b)(6). ECF 23. They raise the same deficiencies identified in their pre-motion letter. *Compare*

3

*id.*, *with* ECF 10. In addition, they clarify that their arguments regarding the Title VII and ADA discrimination claims pertain to the Title VII and ADA retaliation claims as well, and they contend Nelson does not sufficiently allege her failure to accommodate claim. ECF 23-1, at 7. As for Nelson's retaliation claim, defendants contend she fails to allege any facts "to show that [she] engaged in any protected activity," such as whether her report of "discrimination/retaliation . . . was based on [her] race, sex, or disability," and that she fails to allege a causal link between the protected activity and her termination. *Id.* at 15. Nelson filed a response in opposition on August 23, but she does not address every deficiency that defendants identify. *Compare* ECF 23, *with* ECF 25. On December 8, after the parties fully briefed defendants' motion and almost six months after her amended complaint was due, Nelson filed another motion for leave to amend the complaint, followed by a proposed amended complaint on December 17, 2021. ECF 30 & 31.

## II.    Motion for Leave to Amend

Nelson seeks leave to amend her complaint. ECF 30. She does not explain how her request complies with Federal Rule of Civil Procedure 15, which governs leave to amend pleadings. *Id.* Nor did she highlight the proposed amendments as this Court's Local Rules require. *See* ECF 31; Loc. R. 103.6. A comparison of her initial and proposed amended complaint reveals that the latter is nearly identical to the former. *Compare* ECF 1, *with* ECF 31. She seeks to add three individual defendants—Rebecca Karim, Abigail Jenkins, and Michelle Pepin—and to remove the allegation in her initial complaint that, prior to the meeting where she was fired, she "informed her manager, Rebecca Karim, and [her] physician submitted a request to HR to revise [her] disability accommodation to a four-day work week." ECF 31. She also alleges for the first time violations of "[a]ll applicable laws for the state of Maryland, . . . Montgomery County[,] Maryland[,] and

4

Gaithersburg, Maryland." *Id.* She does not state what the alleged violations were or identify the applicable laws. The rest of her allegations remain the same.

"[L]eave to amend should be 'freely give[n] when justice so requires . . . ." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (quoting Fed. R. Civ. P. 15(a)(2)). Ordinarily, the Court would not find justice requires the opportunity to amend a complaint after the plaintiff was afforded plenty of time to amend and after a motion to dismiss has been fully briefed. However, Nelson is proceeding *pro se*. It is in the interests of justice for the Court to review the allegations that she would like to present now that she has had ample opportunity to consider defendants' detailed arguments. Granting leave to amend, moreover, will not prejudice the defendants, as Nelson's pleadings are not robust and her amendments are modest. The Court can consider defendants' motion as it applies to the amended complaint. Nelson's motion to amend is granted.

## III.   Motion to Dismiss

### A.  Standard of Review

Defendants move to dismiss Nelson's Title VII claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the grounds that she failed to exhaust her administrative remedies. ECF 23. Title VII's exhaustion requirement is not a jurisdictional prerequisite. *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1850 (2019). Consequently, any motion to dismiss based on a failure to exhaust administrative remedies in a Title VII suit should

be considered under Rule 12(b)(6), not Rule 12(b)(1).[2] *See Olivarria v. Cooper*, 776 F. App'x 128, 129 (4th Cir. 2019) (mem.) (remanding because the district court found it lacked jurisdiction over an unexhausted Title VII claim and advising the exhaustion requirement is not jurisdictional), *rev'g* No. 5:17-CV-590-D, 2019 WL 1748506 (E.D.N.C. Apr. 18, 2019); *Knott v. McDonalds Corp.*, No. LKG-21-592, 2021 WL 5015750, at *4 (D. Md. Oct. 28, 2021) (treating a Rule 12(b)(1) motion to dismiss a Title VII claim for failure to exhaust administrative remedies as a Rule 12(b)(6) motion).

A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of a complaint" and "should be granted unless the complaint 'states a plausible claim for relief.'" *In re Birmingham*, 846 F.3d 88, 92 (4th Cir.), *as amended* (Jan. 20, 2017) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)); *see* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray*, 948 F.3d at 226 (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). Stated differently, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When resolving a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded allegations as true. *See Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[2] The defendants' exhaustion arguments focus almost exclusively on the Title VII claims. It is unclear from their briefing whether the defendants contend that Nelson also failed to exhaust her administrative remedies for the ADA claims. Because the exhaustion requirement applies to both Title VII and ADA claims, the Court will consider whether Nelson exhausted both. *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012). Although the Fourth Circuit has not determined whether exhaustion of employment-related ADA claims is a jurisdictional prerequisite, the Court need not reach that question here because Nelson has exhausted her ADA claims. *See id.* at 597 n.2.

The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when deciding a 12(b)(6) motion. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). Here, the Court properly considers Nelson's EEOC charging document, which is attached as an exhibit to defendants' motion and to which plaintiff refers in her amended complaint. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2002) (affirming dismissal of a complaint where the lower court found the complaint exceeded the scope of the EEOC charge).

The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray*, 948 F.3d at 226 (quoting *Tobey*, 706 F.3d at 387). A defense based on the statute of limitations is an affirmative defense, and thus is generally beyond the scope of a Rule 12(b)(6) motion. But "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached . . . ." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). The Court's decision today does not turn on a statute of limitations defense, but the Court does address the applicable limitations period for Nelson's claims, which is clear on the face of the amended complaint and from the facts in the EEOC charge.

The Court is mindful that Nelson does not have counsel. A *pro se* plaintiff's complaint must "'be liberally construed,' and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*,

7

429 U.S. 97, 106 (1976)). "Courts are not required," however, "to conjure up questions never squarely presented to them." *Deabreu v. Novastar Home Mortg., Inc.*, 536 F. App'x 373, 375 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). "The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### B. Discussion

#### 1. Exhaustion of Administrative Remedies under Title VII and the ADA

Nelson asserts discrimination and retaliation claims under Title VII. "Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, prohibits employment discrimination." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). The Act reaches "status-based discrimination" by providing "basic workplace protection such as prohibitions against employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013) (citing 42 U.S.C. § 2000e-2(a)). It also prohibits "employer retaliation on account of an employee's having opposed, complained of, or sought remedies for, unlawful workplace discrimination." *Id.* (citing 42 U.S.C. § 2000e-3(a)). Nelson claims defendants violated Title VII by failing to hire and promote her, subjecting her to unequal terms and conditions of employment, and terminating her—all based on her race, color, and sex—and by retaliating against her. ECF 31, at 5–6.

Nelson also asserts claims under the ADA. The ADA forbids employers from discriminating against employees with disabilities. *Tennessee v. Lane*, 541 U.S. 509, 516 (2004); *Adams v. Anne Arundel Cnty. Pub. Schs.*, 789 F.3d 422, 430 (4th Cir. 2015). Title I of the ADA provides that no entity subject to the ADA's reach "shall discriminate against a qualified individual

8

on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. Employment discrimination under the ADA includes "not mak[ing] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." *Id.* § 12112(b)(5)(A). The Act also prohibits retaliation against "any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Nelson alleges defendants violated the ADA by failing to accommodate her disability and retaliating against her for requesting an accommodation. ECF 31, at 5–6.

Claims brought under Title VII and the ADA are subject to an administrative exhaustion requirement. *Fort Bend Cnty.*, 139 S. Ct. at 1851; *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508 (4th Cir. 2005); *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (holding ADA incorporates Title VII's enforcement procedures, including the administrative exhaustion requirement). Defendants argue Nelson's Title VII claims should be dismissed for failure to exhaust administrative remedies because her EEOC charge did not include the same allegations she asserts in her complaint.

"An individual alleging discrimination in violation of Title VII [or the ADA] must first file an administrative charge with the EEOC within a certain time of the alleged unlawful act." *Chacko*, 429 F.3d at 508 (citing 42 U.S.C. § 2000e-5(e)(1)). This requirement "ensures that the employer is put on notice of the alleged violations, thereby giving it a chance to address the alleged

discrimination prior to litigation." *Sydnor*, 681 F.3d at 593 (quotation marks and citation omitted). An administrative charge "is acceptable only if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Chacko*, 429 F.3d at 508 (quoting 29 C.F.R. § 1601.12(b)). "The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996) (citing *King v. Seaboard Coast Line R.R.*, 538 F.2d 581, 583 (4th Cir. 1976)). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII [or ADA] lawsuit." *Id.* Thus, "if the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." *Chacko*, 429 F.3d at 509 (citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247–48 (4th Cir. 2000)). However, "if the factual foundation in the administrative charge is too vague to support a claim that is later presented in subsequent litigation, that claim will also be procedurally barred." *Id.* (quoting *Taylor v. Va. Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999) (en banc), and citing *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) for the proposition that "[t]he crucial element of a charge of discrimination is the factual statement contained therein") (internal quotation marks omitted)). "[W]hen the claims in [a] court complaint are broader than 'the allegation of a discrete act or acts in [the] administrative charge, they are procedurally barred.'" *Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Chacko*, 429 F.3d at 508–10). A plaintiff fails to exhaust administrative remedies where the EEOC charge "'references different time frames, actors, and discriminatory conduct than the

10

central factual allegations in his formal suit.'" *Sydnor*, 681 F.3d at 593 (quoting *Chacko*, 429 F.3d at 506).

The exhaustion requirement "should not become a tripwire for hapless plaintiffs." *Id.* at 594. Courts should not "erect insurmountable barriers to litigation out of overly technical concerns." *Id*. Because administrative charges are not usually drafted by attorneys, courts construe them liberally. *Id.* "As the Supreme Court has made clear, '[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with rules of interpretation, to protect the employee's rights and statutory remedies." *Sydnor*, 681 F.3d at 594 (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)).

In her EEOC charge, Nelson checked boxes indicating she claimed discrimination based on her race, color, and sex. ECF 23-2, at 2. She additionally checked a box indicating she was retaliated against. *Id.* She identified August 1, 2019, as the date of the most recent job action she thought was discriminatory. *Id.* Her supporting factual statement was scant. She stated she was "[f]ired during [a] meeting to follow-up on report of retaliation." *Id.* She also said, "In July 2019, I informed my manager that I would need to change my accom[m]odation from 1 day telework to 1 day off per week, she requested documentation, but I was fired before I could provide it." *Id.* Nelson did not describe how she was discriminated against based on race, color, or sex; who allegedly discriminated against her; what the discriminatory acts were; when the discrimination occurred; or whether she was terminated based on her protected traits. There was no factual foundation for her assertions via checked boxes that she was discriminated against or terminated based on her race, color, or sex. Thus, her Title VII claims for discriminatory termination, failure to promote, failure to hire, and subjection to unequal terms and conditions of employment were not administratively exhausted, are procedurally barred, and may not be considered by the Court.

*See Chacko*, 429 F.3d at 509; *see, e.g.*, *Nnadozie v. Genesis HealthCare Corp.*, 730 F. App'x 151, 161 (4th Cir. 2018) (finding the Court could not entertain a discriminatory termination claim where the EEOC charge did not include any facts about the termination).[3]

Nelson did, however, exhaust her administrative remedies for Title VII and ADA retaliation claims and for a failure to accommodate claim, even though her EEOC charge was not a model of clarity. She asserted she was "[f]ired during [a] meeting to follow-up on [a] report of retaliation." ECF 23-2, at 2. While she did not explain the basis for the report of retaliation, she did allege she was terminated during a meeting to discuss a report of retaliation. That, coupled with her checked-box assertions of discrimination based on race, color, and sex, put the defendants on notice that she was alleging retaliation based on reports of unlawful race, color, or sex discrimination. She therefore exhausted a Title VII claim for retaliation.

As to retaliation under the ADA, defendants concede, and the Court agrees, that Nelson has exhausted a claim for retaliation based on her request for an accommodation. ECF 23-1, at 7. Exhaustion of this claim stems from the statements in her charge that she was fired on August 1, 2019, during a meeting that was supposed to be about her report of retaliation, and that days or weeks before she was fired, sometime in July, she had informed her manager that she "would need to change [her] accom[m]odation from 1 day telework to 1 day off per week, [the manager] requested documentation, but [she] was fired before [she] could provide it." ECF 23-2, at 2. These allegations also exhausted a failure to accommodate claim, which defendants do not appear to contest, and a retaliation claim based on a report of disability discrimination, which they do contest.

---

[3] Nelson argues she exhausted her claims by filing the EEOC charge, participating in the EEOC investigation, and submitting supplemental documentation. ECF 25, at 2. These efforts do not result in exhaustion where the EEOC charge did not provide defendants with notice of her Title VII claims.

While Nelson did not check "disability" as a basis for discrimination, did not identify her disabilities, and did not explicitly state, for example, "I was retaliated against after I reported disability discrimination," a reasonable interpretation of her allegations suggests she had a disability for which she had an accommodation, she reported some type of discrimination or retaliation related to a protected trait, and she was subsequently terminated.

Thus, under the most liberal construction of her EEOC charge, Nelson has exhausted Title VII and ADA retaliation claims and an ADA failure to accommodate claim.[4]

### 2. Retaliation under Title VII and the ADA

Nelson asserts she was retaliated against for reporting discrimination based on race, color, sex, and disability, and for requesting a disability accommodation. Defendants argue her retaliation claims should be dismissed because she has not plausibly pled the necessary elements.

---

[4] Even if Nelson had exhausted all her Title VII claims, she could recover only for discriminatory conduct that occurred on the last two days of her employment. This is because a plaintiff "may proceed and recover only on . . . discrimination that occurred within the 300 days of filing [the EEOC] charge." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019). Nelson filed her EEOC charge on May 26, 2020, which means she could assert exhausted claims based only on conduct that occurred on July 31, 2019, or August 1, 2019, the day she was terminated. In her amended complaint, Nelson alleges the discriminatory conduct occurred over a seven-year period from August 2012 until August 2019, but she does not identify any specific dates (other than the date of her termination) on which the failure to hire/promote and subjection to unequal terms and conditions occurred. Nelson argues the continuing violation doctrine saves her claims, ECF 25, at 2, but "discrete acts such as . . . failure to promote, denial of transfer, or refusal to hire" are not subject to the continuing violations doctrine, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Even if they fell within the limitations period, they would be dismissed for failure to state a claim. Nelson has not alleged she experienced any direct discrimination or retaliation. *See Foster v. Univ. of Md.–E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015). She has not alleged that she was performing her job satisfactorily, that she was qualified for any other positions, or that any of the positions she was denied or terminated from were filled by people outside her protected classes. *See Danial v. Morgan State Univ.*, 426 F. Supp. 3d 135, 144 (D. Md. 2019) (stating the prima facie case of a failure to hire theory); *Slyke v. Northrop Grumman Corp.*, 115 F. Supp. 2d 587, 594 (D. Md. 2000) (stating the prima facie case for failure to promote); *Spencer v. Va. State. Univ.*, 919 F.3d 199, 207 (4th Cir. 2019) (stating prima facie case of unequal pay); *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003) (stating the prima facie case of discriminatory termination).

"Title VII prohibits an employer from retaliating against an employee for complaining about prior discrimination." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021) (citing *Foster v. Univ. of Md. – E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015)). It makes unlawful any action taken by an employer against an employee "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" the Act. 42 U.S.C. § 2000e-3(a). "The elements of a prima facie retaliation claim under Title VII are: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman*, 626 F.3d at 190. The elements of an ADA retaliation claim are similar. "To establish a prima facie retaliation claim under the ADA, a plaintiff must prove (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012) (citing *A Soc'y Without a Name v. Commonwealth of Va.*, 655 F.3d 342, 350 (4th Cir. 2011) (internal citations omitted)). As to all her retaliation claims, Nelson alleges, and defendants do not dispute, that the adverse action was termination. Defendants challenge the sufficiency of her allegations of engagement in protected activity and of a causal link between the protected activity and her termination.

### a. Title VII and ADA Retaliation Claims Based on Report of Discrimination/Retaliation

Nelson has not sufficiently alleged she engaged in protected activity. She asserts she "followed company procedure to report discrimination/retaliation to SVP, Abigail Jenkins." ECF 1, at 5. A report of discrimination is protected activity, as is a report of retaliation based on reporting discrimination. *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005). However, these allegations do not suffice because Nelson does not describe the *kind* of discrimination or the *facts* giving rise to the retaliation that she reported to Jenkins. While it is

14

possible she reported discrimination based on race, color, or sex, it is equally possible she reported discrimination based on disability. The same goes for her retaliation allegations. She does not allege what prompted her to report retaliation. Without any facts about what caused her to report discrimination/retaliation, the Court cannot determine whether the activity was protected by Title VII, the ADA, or another statute.

Defendants identified Nelson's failure to sufficiently describe her protected activity in their motion to dismiss and reply to her opposition. ECF 23, at 15–16; ECF 26, at 5–6. Despite having ample time to review their filings and to amend her complaint to describe the alleged protected activity in sufficient detail to inform defendants of the claims against which they had to defend, Nelson failed to augment her factual allegations in her amended complaint.

Nelson fails to state a claim for retaliation under Title VII or a claim for retaliation under the ADA based on a report of disability discrimination. Defendants' motion as to these claims is granted.

### b. ADA Retaliation Claim Based on Request for Accommodation

A request for an accommodation is protected activity, *see, e.g.*, *Smith v. CSRA*, 12 F.4th 396, 415 (4th Cir. 2021), but Nelson fails to allege this essential element. In her EEOC Charge, which is not part of her pleadings, she stated that she requested an accommodation but was unable to provide a supporting doctor's note before she was fired. ECF 23-2, at 2. In her original complaint, she also alleged she requested an accommodation, but she claimed she *did* submit documentation from her doctor. ECF 1, at 6. Now, in her amended complaint, the operative pleading, Nelson omits the allegation that she requested an accommodation and that she submitted supporting documentation from her doctor. ECF 31, at 6. Because Nelson no longer alleges she requested an accommodation, the Court must conclude that she has abandoned a retaliation claim

based on an accommodation request. Even if the claim has not been abandoned, it must be dismissed because she has not pled engagement in protected activity in her amended complaint.

Because Nelson has not plausibly alleged retaliation under Title VII or the ADA, her retaliation claims are dismissed.

### 3. Failure to Accommodate under the ADA

Defendants argue Nelson has failed to state a claim for failure to accommodate under the Americans with Disabilities Act. "In order for a plaintiff to establish a prima facie case against h[er] employer for failure to accommodate under the ADA, the plaintiff must show: '(1) that [s]he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of h[er] disability; (3) that with reasonable accommodation [s]he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations.'" *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (quoting *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001) (quoting *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999))). A "qualified individual," or "an individual who had a disability within the meaning of the statute," is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.*; 42 U.S.C. § 12111(8).

Nelson has not alleged in her amended complaint any facts relating to this claim, including whether or when she requested an accommodation, the grounds for the request, or when the request was denied. Even if she had, she has not adequately alleged that she was a qualified individual within the meaning of the ADA. While she does allege that she lives with anxiety, major depressive disorder, and PTSD, ECF 31, at 5, she does not identify the position she held, her job responsibilities, or her ability to perform the essential functions of her position with or without a

reasonable accommodation, *see id.* Her failure to accommodate claim is therefore dismissed. *See, e.g.*, *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622 (D. Md. 2014) (dismissing an ADA claim because the plaintiff failed to plausibly allege he was a qualified individual with a disability).[5]

### 4. Equal Pay Act

"The EPA prohibits gender-based discrimination by employers resulting in unequal pay for equal work." *EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018) (citing 29 U.S.C. § 206(d)(1)). To state a prima facie case of discrimination under the EPA, a plaintiff must demonstrate (1) the employer paid different wages to an employee of the opposite sex, (2) for equal work on jobs requiring equal skill, effort, and responsibility, and (3) under similar working conditions. *Id.* (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)).

Nelson does not state a plausible claim under the EPA. She alleges only that some male and female "counterparts" were paid more than she was. ECF 31, at 6. She does not identify any specific comparator, nor does she allege any facts suggesting the jobs in question involved equal work; required equal skill, effort, and responsibility; or were performed under similar working conditions. The term "counterpart" alone is not sufficient to create a reasonable inference that male employees were paid more for equal work under similar conditions. *See Brown v. Miller*, No. GLR-19-3156, 2020 WL 3184144, at *4 (D. Md. June 15, 2020) (dismissing EPA claim where

---

[5] Even if Nelson's Title VII and ADA claims withstood defendants' motion to dismiss, the Court would nevertheless be required to dismiss the Title VII and ADA claims against Robert G. Kramer, Katy Strei, Rebecca Karim, Abigail Jenkins, and Michelle Pepin. Neither Title VII nor Title I of the ADA provides for individual liability. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010); *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 694 (D. Md. 2017).

the plaintiff did not allege that a specific comparable worker was paid higher wages or that the positions required the same level of skill, effort, and responsibility).

Nelson's EPA claim is dismissed.

### 5. Fair Labor Standards Act

"Congress enacted the FLSA 'to protect all covered workers from substandard wages and oppressive working hours.'" *Conner v. Cleveland Cnty., N.C.*, 22 F.4th 412, 420 (4th Cir. 2022) (quoting *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981))). "To accomplish these goals, the FLSA requires employers 'to pay their employees both a minimum wage and overtime pay.'" *Id.* (quoting *Hall v. DIRECTV, LLC*, 846 F.3d 757, 761 (4th Cir. 2017)); 29 U.S.C. §§ 206(a)(1), 207(a)(1).

Nelson identifies the FLSA as a statute under which she brings claims, but she does not allege any facts supporting an FLSA claim. She does not allege defendants failed to pay a minimum wage or overtime. Her allegations are focused entirely on discrimination and retaliation. There is nothing in Nelson's amended complaint from which the Court can infer an FLSA violation. Accordingly, Nelson's FLSA claim is dismissed.

### 6. State Law Claims

In her amended complaint, Nelson alleges violations of "[a]ll applicable laws for the state of Maryland, . . . Montgomery County[,] Maryland[,] and Gaithersburg, Maryland." ECF 31, at 4. She does not specify either the alleged violations or the applicable laws. This conclusory statement does not put defendants or this Court on notice of the asserted grounds for relief and therefore fails to state a claim. *See Doe v. Va. Dept. of State Police*, 713 F.3d 745, 754 (4th Cir. 2013) ("[W]holly vague and conclusory allegations are not sufficient to withstand a motion to

dismiss." (quoting *Catholic League for Religious & Civil Rights v. City & Cnty. of S.F.*, 624 F.3d 1043, 1080 (9th Cir. 2010))). Even if the state and local law claims were adequately pled, the Court would decline to exercise supplemental jurisdiction over them because all pending federal claims are dismissed. *See* 28 U.S.C. § 1367(c). Accordingly, these claims are dismissed.

### C. Dismissal with Prejudice

Defendants sought leave to file a motion to dismiss and fully briefed their motion to dismiss before Nelson filed her amended complaint. ECF 10 & 23. In their filings, defendants raised each theory fatal to plaintiffs' claims. Because plaintiff had the opportunity to amend her pleading in response to the perceived deficiencies and filed an amended complaint that still failed to allege her claims sufficiently, dismissal is with prejudice as to all but the state and local law claims, which plaintiff did not allege in her original complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court need not provide opportunity to amend if amendment would be futile); *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 (4th Cir. 2017) ("[W]hen a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend." (citation omitted)); *Ostrzenski v. Seigel*, 177 F.3d 245, 253 (4th Cir. 1999) (noting court need not grant leave to amend where amendment would be futile); *Springmeyer v. Marriott Int'l, Inc.*, No. PWG-20-867, 2021 WL 809894, at *5 (D. Md. Mar. 3, 2021) (stating "further amendment would be futile" because plaintiffs "already amended their complaint in view of the[] [alleged] deficiencies"). Therefore, Nelson's federal claims will be dismissed with prejudice.

### IV. Conclusion

Nelson's motion for leave to file an amended complaint is granted. Because Nelson has failed to exhaust her administrative remedies with respect to numerous allegations made in her

amended complaint, and because the claims she did exhaust do not plausibly entitle her to relief, defendants' motion to dismiss is granted. A separate Order follows.

Date: March 31, 2022

Deborah L. Boardman
United States District Judge